**MARYLAND CASUALTY COMPANY,**
**Plaintiff–Appellant,**

v.

**Reverend Robert J. VONNAHMEN**
**and Stephen H. McCaffrey,**
**Defendants–Appellees.**

No. 96–2021.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1996.

Decided Dec. 9, 1996.

Rehearing Denied Jan. 2, 1997.

Peter C. Morse, Christine L. Olson (argued), Thomas M. Hamilton, D. Kendall Griffith, Hinshaw & Culbertson, Chicago, IL, and Jeffrey R. Glass, Hinshaw & Culbertson, Belleville, IL, for Plaintiff–Appellant.

Frank N. Gundlach (argued), Thomas B. Weaver, and Lisa M. Wood, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO, and Jeffrey R. Anderson, Teresa K. Patton, and Mark A. Wendorf, Reinhardt & Anderson, St. Paul, MN, for Defendants–Appellees.

Before CUMMINGS, ESCHBACH and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

In this diversity suit, Maryland Casualty Company sued Father Robert Vonnahmen and Stephen McCaffrey[1] to determine whether it had a duty to defend Father Vonnahmen in McCaffrey's 1993 diversity suit[2] alleging sexual assault and battery and intentional infliction of emotional distress. Father Vonnahmen tendered his defense to Maryland Casualty which declined to defend him. The district court granted summary judgment in favor of Father Vonnahmen on the ground that Maryland had to defend him in McCaffrey's suit.

**Discussion**

Count I of McCaffrey's complaint alleged sexual assault and battery by Father Vonnahmen and Count II alleged intentional infliction of emotional distress. In the summers of 1980, 1981 and 1982, plaintiff McCaffrey, then a camper, had contact with Father Vonnahmen through his status as the director and spiritual counselor at Camp Ondessonk. In June 1981 Father Vonnahmen first allegedly "sexually abused and sexually exploited" the then thirteen-year-old plaintiff and subsequently in the same week sodomized him. Camp Ondessonk was owned by the Belleville diocese.

1. The diocese of Belleville, Illinois, and Camp Ondessonk were originally defendants as well but were dismissed in the district court.

2. Maryland Casualty is incorporated in Maryland, Father Vonnahmen is a citizen of Illinois, McCaffrey is a citizen of Arizona, and the amount in controversy exceeded $50,000.

In March 1995 the district court held that plaintiff must defend Father Vonnahmen because of exclusion (h) in the pastoral professional liability coverage policy, which initially provides that the insurance does not apply but then contains a protection clause as follows:

> (h) to licentious, immoral or sexual behavior intended to lead to or culminating in any sexual act; **however, notwithstanding the foregoing, the insured shall be protected under the terms of this policy as to any claim upon which suit may be brought against him, for any such alleged behavior by an insured unless a judgment or a final adjudication adverse to the insured shall establish that such behavior occurred as an essential element of the cause of action so adjudicated.**

In holding that Maryland had to defend Father Vonnahmen, Judge Stiehl relied on the emphasized portion of exclusion (h). We agree with the district court that exclusion (h) insulated plaintiff from any duty to indemnify Father Vonnahmen but nevertheless required it to defend him. Accord: *Maryland Casualty Co. v. Roman Catholic Archdiocese of Springfield in Illinois*, No. 92–3206 (C.D.Ill.1993).

Father Vonnahmen's motion for summary judgment was granted in March 1995 in the McCaffrey case and judgment therein was entered in favor of all defendants in June 1995, thus mooting the duty to defend that suit.

AFFIRMED.